MARY MCNAMARA, BY HER NEXT FRIEND *v.* JOHN MCNAMARA.

A decree of separation from bed and board may be made, on the application of the husband, for the like causes as in cases of *feme coverts*.

*It seems*, the defence of adultery, as a ground for affirmative relief, cannot be interposed in an action for a divorce *a mensa et thoro*.

In an action by a wife for a limited divorce from her husband, upon the ground of cruel and inhuman treatment by him, a defence of general bad conduct and ill treatment by her was set up. At the trial she failed to establish her case, and the defence was fully proven. *Held,*—

I. That under the Code, a defendant may have such affirmative relief in an action, as the case shows him to be entitled to.

II. That cruel and inhuman treatment by the wife being established, the husband was entitled to a judgment of divorce *a mensa et thoro*.

AT SPECIAL TERM, *May* 17, 1859.

Motion for judgment, in an action for divorce *a mensa et thoro*, brought by the wife against the husband, upon the ground of cruel and inhuman treatment by him. The answer denied all these charges in the complaint, and set up, as a further defence, that the plaintiff had been guilty of adultery with divers persons; also, that her habitual bad conduct towards him rendered it improper for him to live with her; concluding with a demand for affirmative relief, and judgment that the marriage tie be dissolved.

The cause was referred, and the referee, on the proofs before him, reported that the plaintiff had failed to show any cause of action, but that the defence had been fully established. On this report, and the evidence attached, both parties appeared, asking for judgment,—the plaintiff claiming, in opposition to the report, that the evidence did not warrant the referee's conclusion, and the defendant asking under it a judgment of divorce in his favor.

*John Brady*, for the plaintiff.

*Charles S. Spencer* and *Addison Sanford*, for the defendant.

HILTON, J.—The complaint of the plaintiff alleges cruel and inhuman treatment on the part of the defendant, and concludes with a demand for judgment for limited divorce, or separation with alimony. The answer contains a denial of these charges, sets up as a defence the bad conduct of the plaintiff, and charges her generally with adultery with persons unknown, concluding with a demand of judgment that the marriage tie be dissolved. A reference appears to have been regularly made with directions to take proof of all the facts charged in the pleadings, with the usual direction to report the same to the court, with the opinion of the referee thereon, and no objection was taken to the defendant setting up adultery as a defence in the action, until evidence in support of it was offered before the referee, when the objection was overruled, and the testimony offered to sustain that defence was admitted.

McNamara v. McNamara.

It may be that the objection came too late. Had it been made in time, it is very probable the defence of adultery would be stricken out, upon the ground that it could not be interposed in an action like the present. *McIntosh* v. *McIntosh*, 12 How. Pr. R. 289. But it is unnecessary to express any opinion upon this question, now for the first time presented to the court, as I do not concur in the conclusion of the referee, that the evidence shows the plaintiff to have been guilty of adultery, and that the charges in the answer in this respect have been proven. Her conduct appears to have been loose, and of a character not at all to be commended, but I do not think any act of criminality has been shown, nor any circumstances sufficient to warrant the conclu sion at which the referee has arrived. It does appear, however, and so the referee has reported, that instead of the defendant having ill treated the plaintiff, as she alleges in her complaint, she has been guilty of such conduct towards him as renders it unsafe and improper for him to cohabit with her; and the allegations in his answer, in this respect, have been fully sustained by the testimony.

It was decided by the late Chancellor WALWORTH, in *Perry* v. *Perry*, (2 Paige, 501), and I am not aware that the decision has ever been questioned, that the 12th section of the act of April 10th, 1824, (see Laws 1824, p. 249), which authorizes a decree of separation from bed and board, on the application of the husband, in the same cases and for the like causes as *feme coverts* were entitled to under the 10th and 11th sections of the act entitled "An act concerning divorces, and for other purposes," passed April 13, 1813, (see 2 Revised Laws, 200), was not repealed at the time of the adoption of our present Revised Statutes, but still remains in force. Therefore, as the evidence shows that the defendant is entitled to a judgment of divorce *a mensa et thoro*, no reason exists why it should not be granted to him in the present action. The statute referred to, it is true, authorizes such a decree, in terms, upon the application of the husband, by a bill of complaint filed by him; but the provisions of the Code (§2 74) are sufficiently comprehensive to cover all such

cases, and to permit the court to give such judgment in an action either for or against a plaintiff or defendant, as may be warranted by the evidence at the trial:—or, in the language of the section referred to, the court "may grant to the defendant any affirmative relief to which he may be entitled."

Judgment will accordingly be entered, decreeing a separation forever between the parties, upon the ground that the conduct of the plaintiff has been such towards her husband, the defendant, as to render it unsafe and improper for him to cohabit with her.